GEN. GRIGSBY, colored, v. THE STATE.

1. CRIMINAL LAW. *Evidence. Admissions and declarations of third parties not admissible. When.* The defendant was charged with murder, by burning a house, which destroyed the lives of two children. Upon the trial, witnesses were allowed to testify over the defendant's objection; that at the Magistrate's office certain clothes, which the defendant claimed, were recognized by other persons, who left said clothes in the house on the night upon which it was burned, it not appearing that the declarations were made in the presence of the defendant at the Magistrate's office, nor that the clothes belonged to the persons recognizing them; the Court say: Such declarations, therefore, were not admissible as evidence against the defendant, notwithstanding three of the four persons whose recognition of the clothes was proved upon the trial in Court, testified that they did so recognize the clothes at the Magistrate' office.

2. SAME. *Same.* The admission of illegal evidence, which may have prejudiced the defendant, entitles him to a new trial, notwithstanding there may be sufficient legal evidence to establish the same fact which the evidence, improperly admitted, tended to establish.

Authority cited: Belcher & Fox v. The State, 8 Hum., 63; Peck v. The State, 2 Hum., 78.

---

FROM GILES.

---

Appeal from the Criminal Court. W. S. McLEMORE Judge.

N. SMITHSON for Grigsby.

ATTORNEY-GENERAL HEISKELL for the State.

DEADERICK, J., delivered the opinion of the Court.

The plaintiff in Error was convicted at May Term,

1874, of the Criminal Court of Giles county, of murder in the first degree, and sentenced to be hanged.

The murder is alleged to have been committed by setting on fire, and burning the dwelling house of James McEwen, in which two negro children, the eldest about 7 years old, were burned to death.

Upon the trial, witnesses were allowed to testify, over the objection of the defendant, that, at the Magistrate's office certain clothes which defendant claimed were recognized by McEwen and wife, Dudley McNairy and Fry, who had, as alleged, left said clothes in the house on the night upon which it was burned.

The witnesses, who recognized the clothes at the Magistrate's office, were examined upon the trial, and (except Dudley McNairy, who says nothing about having seen the clothes at the Magistrate's office,) they state that they saw and recognized the clothes at the Magistrate's office.

The testimony in regard to the identity of the clothing, is an important link in the chain of circumstantial evidence, tending to criminate the plaintiff in error.

We are of opinion that the testimony of the declarations of recognition by the persons who claimed the clothes, was improperly admitted.

It does not appear whether the declarations of McNairy and others, that they recognized the clothes, were made in the presence of the defendant at the Magistrate's office, nor by what language they signified their recognition. But from the nature of the fact

proved, that is, that these clothes were recognized by third parties as belonging to them, the recognition must have been signified by the declarations of said third parties that they belonged to them. Such declarations, therefore, were not admissible as evidence against the defendant, notwithstanding three of the four persons whose recognition of the clothes was proved upon the trial in Court, testified that they did so recognize the clothes at the Magistrate's office.

The admission of illegal evidence which may have prejudiced the defendant, entitles him to a new trial, notwithstanding there may be sufficient legal evidence to establish the same fact which the evidence, improperly admitted, tended to establish; 8 Hum., 65; 2 Hum. 88.

For the error above indicated, the judgment must be reversed, and a new trial granted.